**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
101 Park Avenue
New York, New York 10178-0002
Leni D. Battaglia (4375218)
Ann Marie Effingham (5494521)
leni.battaglia@morganlewis.com
annmarie.effingham@morganlewis.com
Phone: (609) 919-6600
Fax: (609) 919-6701
*Attorneys for Defendant Amazon.com Services, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY JEAN-LOUIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>　　　　　Defendant. | Civil Action No. 22-cv-5020<br><br><br>**NOTICE OF REMOVAL**<br><br>*Document Electronically Filed* |

**TO:   THE CLERK OF THE UNITED STATES DISTRICT
　　　COURT FOR THE EASTERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Amazon.com Services, LLC (hereinafter referred to as "Defendant" or "Amazon"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby give notice of removal of the above-captioned action from the Supreme Court of the State of New York, County of Kings, Index No. 520842/2022, to the United States District Court for the Eastern District of New York. In support of this Notice of Removal, Defendant states as follows:

### PROCEDURAL BACKGROUND

1.　　　The addresses of the named parties are as follows:

  a. Plaintiff Rodney Jean-Louis ("Plaintiff") alleges that he resides in Kings County, State of New York. Plaintiff is represented by Robert Halpern, Halpern Legal Clinic, Inc., 18 W. Gowen Avenue, Philadelphia, PA 19119.

  b. Defendant Amazon.com Services LLC, a citizen of Delaware and Washington, is a wholly owned subsidiary of parent company Amazon.com, Inc., which is a Delaware corporation, and has a principal place of business at 410 Terry Avenue N, Seattle, Washington 98109. Amazon.com Services LLC is represented by Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, NY 10178-0002.

2. Plaintiff commenced this action on July 21, 2022, by filing a Summons and Verified Complaint and Jury Demand in the Supreme Court of the State of New York, Kings County, captioned as *Rodney Jean-Louis v. Amazon.com Services, LLC*, Index No. 520842/2022. A true and correct copy of the Summons and Verified Complaint is attached as **Exhibit A**.

3. In his Complaint, Plaintiff alleges claims against Defendant under the New York City Human Rights Law ("NYCHRL") and seeks compensatory damages (including back pay and front pay), emotional distress damages, punitive damages, and attorneys' fees and costs.

4. Plaintiff could have originally filed his action against Defendant in this Court pursuant to 28 U.S.C. § 1332.

5. Plaintiff served his Verified Complaint on New York's Secretary of State on July 25, 2022. *See* **Exhibit B**.

6. Fewer than thirty (30) days have elapsed since Plaintiff served the Summons and Verified Complaint. Accordingly, Defendant has timely filed this Notice of Removal under 28 U.S.C. § 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that 30-day removal period begins to run on the date of service).

7. The only other proceedings that have occurred in the Supreme Court, Kings County since Plaintiff filed his Complaint and served Amazon is that Plaintiff filed an In Forma Pauperis Certification. *See* **Exhibit C**. The Summons, Verified Complaint, In Forma Pauperis Certification, and Affidavit of Service—copies of which are attached hereto as **Exhibits A, B, and C**, respectively—constitute the entirety of the process, pleadings, and orders that Defendant has received in this case to date. *See* 28 U.S.C. § 1447(b).

## GROUNDS FOR REMOVAL

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. *See* 28 U.S.C. § 1332.

10. Defendant may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this is an action between citizens of different states. *See* 28 U.S.C. § 1332.

### Amount in Controversy

11. As the Supreme Court has recognized, a defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014); *see also id*. ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

3

12. Where, as here, a plaintiff does not expressly plead a specific amount of damages in his Complaint, a defendant must only show a "reasonable probability" that the amount in controversy exceeds $75,000. *See Bracken v. MH Pillars Inc.*, 290 F. Supp. 3d 258, 262 (S.D.N.Y. 2017). The amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332 "may be met by a combination of economic and non-economic losses…" *Id.*

13. In his Complaint, Plaintiff seeks monetary damages and equitable relief, averring that Defendant discriminated against him in terminating his employment after he alleges a coworker used a racial slur toward him and shoved him, and after Amazon cleared him of any wrongdoing after an investigation, failed to reinstate his employment. *See* Compl., **Ex. A.** at ¶¶ 28-29, 36-37.

14. Plaintiff seeks, *inter alia*, monetary damages in the form of compensatory damages (including back pay and front pay), emotional distress damages, punitive damages, and attorneys' fees and costs. *Id.* at the unnumbered PRAYER FOR RELIEF clause following Counts I.

15. While Plaintiff does not specify the amount of damages he seeks to recover, and Defendant categorically denies any liability associated with Plaintiff's claims, even a conservative, good-faith estimate of the alleged damages placed at issue through his claims makes clear that the amount in controversy exceeds $75,000.

**Citizenship**

16. Plaintiff is a citizen of the State of New York. *See* Compl., **Ex. A**, ¶ 4.

17. Amazon.com Services, Inc. is a citizen of Delaware and Washington because it is incorporated in Delaware and has a principal place of business in Washington.

18. Under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

19. Amazon.com Services LLC is a citizen of Delaware and Washington because it is a limited liability company whose only member is incorporated in Delaware and has its principal place of business in Washington. *See Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (for the purposes of diversity jurisdiction under 28 U.S.C. § 1332(a), an LLC "takes the citizenship of all of its members"); *see also Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (stating same).

20. Accordingly, complete diversity of citizenship exists between Plaintiff and the Defendant.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

21. In accordance with 28 U.S.C. § 1446(b), a Notice of Removal was timely filed with this Court because thirty days did not expire between the time Amazon was served with the Complaint on July 25, 2022, and the filing of Amazon's Notice of Removal on August 24, 2022.

22. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1441(a) because the United States District Court for the Eastern District of New York is the federal judicial district and division embracing the Supreme Court of New York, Kings County, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Compl., **Ex. A**.

23. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the

Clerk of the Supreme Court of the State of New York, Kings County, where the suit has been pending.

24. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendant hereby removes this action to the United States District Court for the Eastern District of New York and respectfully requests that the Supreme Court of the State of New York, Kings County proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated:  August 24, 2022

Respectfully submitted,
**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Leni D. Battaglia*
Leni D. Battaglia (4375218)
Ann Marie Effingham (5494521)
101 Park Avenue
New York, New York 10178-0002
leni.battaglia@morganlewis.com
annmarie.effingham@morganlewis.com
Phone: (212) 309-6000
Fax: (212) 309-6001
*Attorneys for Defendant Amazon.com Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing Notice of Removal with attached exhibits and Civil Cover Sheet was electronically filed via the Court's ECF filing system on the following counsel of record:

Robert Halpern
Halpern Legal Clinic, Inc.
18 W. Gowen Avenue
Philadelphia, PA 19119
*Attorneys for Plaintiff*

Dated: August 24, 2022                  */s/ Leni D. Battaglia*
                                        Leni D. Battaglia