UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
RODNEY JEAN-LOUIS,

                Plaintiff

        - against -

AMAZON.COM SERVICES, LLC

                Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-5020 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On August 24, 2022, Defendant Amazon.com Services, LLC ("Amazon")—relying on 28 U.S.C. §§ 1332, 1441, and 1446—removed this action to this Court from the Kings County Supreme Court. The next day, the Court ordered Defendant to Show Cause why a remand was not required based on Defendant's removal complaint failing to state a damages amount. (*See* 08/25/2022 Order to Show Cause.) Defendant timely responded. (Dkt. 6.) For the reasons stated herein, the Court remands this case.

## BACKGROUND[1]

For nearly two years, Amazon employed Plaintiff in its Staten Island warehouse. (Dkt. 1-1, ¶¶ 6, 23–24.) Plaintiff worked four days a week, eight hours a day, and earned $19.80 per hour. (*Id.* ¶¶ 8, 9.) On April 28, 2022, while on the job, an unnamed Amazon employee approached Plaintiff and called him "angry" and "arrogant," told him to "shut the fuck up nigger," and then shoved him and again called him "nigger." (*Id.* ¶¶ 10, 13–16.) Amazon soon suspended Plaintiff without pay, and on May 23, 2022, terminated him via email. (*Id.* ¶¶ 20, 24.) The unnamed Amazon employee who had made the comments to Plaintiff remained employed. (*Id.* ¶ 25.)

---

[1] For purposes of this Memorandum & Order, the Court assumes the truth of the non-conclusory allegations in the Complaint (*see generally* Dkt. 1-1).

1

On July 21, 2022, Plaintiff filed the Complaint in the Kings County Supreme Court. (*Id.* ¶ 3.) Plaintiff sued Amazon pursuant to the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8–107(1)(a), and asked to recover "past wages," "future wages," "damages for emotional distress," "punitive damages," "pre-judgment interest," "attorney's fees and costs," and any "other and further relief" that the Court deems proper. (*Id.* ¶¶ 34, Prayer (a)–(g).) The Complaint does not state any explicit amount in damages. (*Id.* Prayer.) On July 25, 2022, Plaintiff served Amazon, which timely removed this case on August 24, 2022. (Dkts. 1, 1-2.)

## DISCUSSION

**I.      Legal Standard**

Under 28 U.S.C. § 1447(c), if the district court finds at any time that it lacks subject matter jurisdiction, it may remand the matter *sua sponte*. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). To invoke the Court's diversity jurisdiction, the removing party must establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo*, 28 F.3d at 273. The defendant has "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id.* "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."

2

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citations omitted); *see also Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991) (same).  In particular, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Elome v. Sva Trucking LLC*, No. 21-CV-05241 (BMC), 2021 WL 4480456, at *1 (E.D.N.Y. Sept. 30, 2021) (citations omitted).

## II. Amazon Fails to Show That the Jurisdictional Threshold is Met

Applying these principles, the Court finds that Amazon fails to show that the $75,000 jurisdictional threshold is met, notwithstanding Plaintiff's underlying request for "past wages," "future wages," "damages for emotional distress," and "punitive damages"—each of which the Court discusses in turn.[2]

### A. Back Pay

Through the allegations in his Complaint, Plaintiff has placed a total of $8,553.60 of back pay in controversy.  "An award of back pay is intended to place an injured plaintiff in the same position he or she would have been in but for the defendant's acts of discrimination[,] . . . [and] in a case such as this, a potential award for back pay should be calculated from the date of the termination through the date the defendant files the notice of removal." *Jones v. Charter Commc'ns LLC*, No. 18-CV-5953 (NG) (LB), 2019 WL 1760841, at *2–3 (E.D.N.Y. Apr. 22, 2019) (citations omitted).  The Complaint alleges that Plaintiff's "salary was $19.80 per hour" and

---

[2] Amazon properly concedes that attorney's fees and pre-judgment interest are not to be included in the calculation, and the Court does not consider them.

3

he "worked two [4 hour] shifts each Sunday, Tuesday, Wednesday and Thursday[.]" (Dkt. 1-1, ¶¶ 8–9.)[3] Plaintiff earned $158.40 for every day at work. Amazon terminated Plaintiff on May 23, 2022, and removed this case on August 24, 2022. (*Id.* ¶¶ 23–24; Dkt. 1.) Ninety-four days passed in the interim, with only fifty-four of them being Sundays, Tuesdays, Wednesdays, and Thursdays. Thus, the Court finds that Plaintiff is seeking $8,553.60 of back pay.[4]

## B. Front Pay

Amazon argues that less than "two years" of front pay alone would suffice to meet the jurisdictional amount. (Dkt. 6, at 3.) "Front pay is awarded at the discretion of a district court [only] where reinstatement is inappropriate and the plaintiff has been unable to find another job[.] The purpose of front pay is to make victims of discrimination whole in cases where the factfinder can reasonably predict that the plaintiff has no reasonable prospect of obtaining comparable alternative employment." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 286 (2d Cir. 2011) (cleaned up). "[A]n award of front pay cannot be unduly speculative." *Dunlap–McCuller v. Riese Org.*, 980 F.2d 153, 159 (2d Cir. 1992) (citations omitted). Front pay, when awarded, consists of "the salary and benefits the plaintiff would have received, from the date of the judgment to a reasonable date in the future, but for the defendant's unlawful conduct." *Jones*, 2019 WL 1760841, at *3 (citations omitted). As the Complaint is bereft of any facts to support a front pay award—including that Plaintiff is presently unemployed—the

---

[3] As the Complaint so alleges, Amazon errs when stating that "Plaintiff's Complaint is devoid of allegations related to his wages during his tenure[.]" (Dkt. 6, at 3.) The Court, therefore, does not address Amazon's suggestion that Plaintiff earned $19.20 per hour and $39,936 per annum.

[4] Plaintiff worked eight hours a day, at a $19.80 hourly rate, and therefore earned $158.40 per workday (*i.e.*, 19.80 × 8 = 158.40). As fifty-four Sundays, Tuesdays, Wednesdays, and Thursdays passed from the date Amazon terminated Plaintiff to the date of removal—the Complaint seeks $8,553.60 of back pay (*i.e.*, 158.40 × 54 = 8,553.60).

4

Court finds Amazon's "two year" figure arbitrary, and excludes any award of front pay from its calculation. *See Ameer v. Fleet Mech. Sys.*, No. 18 CIV. 7655 (GBD), 2019 WL 1949858, at *3 n.6 (S.D.N.Y. Apr. 17, 2019) (excluding front pay from the calculation when "[plaintiff] has [not] alleged any facts to support an inference that he is entitled to . . . front pay."); *Hager v. Steele*, No. 20 CIV. 4482 (LGS), 2020 WL 4345735, at *2 (S.D.N.Y. July 29, 2020) (including front pay in the calculation when the complaint conclusory alleged that "[p]laintiff has been left 'unemployable' due to [d]efendants' actions."); *see also Williams v. Firequench, Inc.*, No. 21-CV-4112 (PAE) (JLC), 2022 WL 3571752, at *7 (S.D.N.Y. Aug. 19, 2022) (concluding that "on the record before the Court, [plaintiff] is not entitled to front pay," because she did "not provide[] her age" or "any information regarding her reasonable prospects of obtaining comparable employment," and did "not allege[] anything about her ability to mitigate damages in the future[.]"); *Olaechea v. City of New York*, No. 17-CV-4797 (RA), 2022 WL 3211424, at *9 (S.D.N.Y. Aug. 9, 2022) (vacating an NYCHRL front pay award when no "testimony [showed] that [plaintiff] sought alternative employment or was unable to find substitute employment[.]"); *Quintero v. Angels of the World, Inc.*, No. 19-CV-6126 (DG), 2021 WL 4464123, at *14 (E.D.N.Y. Sept. 10, 2021) (awarding no front pay when "plaintiff proffered no evidence of any ongoing attempts to secure employment.") *report and recommendation adopted sub nom.*, *Quintero v. Stoupas*, 2021 WL 4463488 (E.D.N.Y. Sept. 29, 2021).

C.  **Emotional Distress**

Although Amazon argues that the Complaint supports an inference of at least $30,000 being sought by Plaintiff for emotional distress,[5] the Complaint's request to recover for emotional

---

[5] In response to the Court's suggestion that Amazon should have availed itself of N.Y. C.P.L.R. § 3017(c) before removing this action (*see* 08/25/2022 Order to Show Cause), Amazon argues that because Plaintiff's cause of action is discrimination, Amazon has no recourse under §

5

distress is boilerplate, and the Court disregards it for purposes of determining whether the jurisdictional amount is met. *See Mekhi v. Area Storage & Transfer, Inc.*, No. 18-CV-4654 (SJF) (AYS), 2018 WL 4043152, at *2 (E.D.N.Y. Aug. 24, 2018) ("[B]oilerplate pleadings do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." (citations omitted)) (collecting cases). First, considering the procedural posture of this case, Amazon's reliance on cases—decided post-trial—discussing at length evidence of a relentless stream of discrimination and taunting that spanned many years is misplaced. *See Salerno v. Northern Manor Multicare Facility*, No. 21-CV-07490 (PMH), 2021 WL 4148900, at *2 (S.D.N.Y. Sept. 13, 2021) (declining to rely on "cases reviewing *jury verdicts* for emotional damages" in determining amount in controversy because of the difference in "procedural posture" (emphasis in the original)). Second, the Complaint is devoid of any discussion of the extent and manifestation of Plaintiff's injury, including what symptoms Plaintiff experienced, if any. Accordingly, Plaintiff's conclusory contention that he suffered "emotional distress," standing alone, is a species of boilerplate claims that courts have refused to rely on in determining the

---

3017(c). (Dkt. 6, at 1–2.) While Amazon may be correct with respect to Plaintiff's demand for front and back pay based on his discrimination claim, that argument does not extend to Plaintiff's request to recover for "emotional distress." Section 3017(c) allows defendants to ask for the enumeration of damages "in an[y] action to recover damages for *personal injuries*" (*id.* (emphasis added)), a category of injury that has been interpreted to include emotional distress. *See* Injury, Black's Law Dictionary (11th ed. 2019) (defining "personal injury" as "[a]ny invasion of a personal right, including mental suffering[.]"); *Lavanant v. Gen. Acc. Ins. Co. of Am.*, 595 N.E.2d 819, 821 (N.Y. 1992) (holding that emotional distress was a "bodily injury" in an insurance policy). Amazon's reliance on *Castillo v. Victoria's Secret Stores*, 2021 N.Y. Misc. LEXIS 9910 (N.Y. Sup. Ct., Jan. 29, 2021) for the contrary conclusion is misplaced. Unlike here, the plaintiff in *Castillo* did not explicitly "allege[] . . . damages . . . [for] personal injuries" (*id.*), and as the New York Court of Appeals has long observed, "the prayer for relief is especially significant[] as indicating the character of the action." *MacArdell v. Olcott*, 82 N.E. 161, 164 (N.Y. 1908); *cf. State Farm Mut. Auto. Ins. Co. v. City of White Plains,* 798 N.Y.S.2d 650, 651 (N.Y. Sup. Ct. 2005) (finding § 3017(c) inapplicable to an insurance subrogation claim because "the complaint allege[d] only damage to [a] vehicle.").

6

amount in controversy. *See, e.g.*, *Brown v. NutriBullet, LLC*, No. 19-CV-5421 (PKC) (ST), 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019) (remanding as boilerplate a complaint alleging, *inter alia*, that plaintiff "suffer[ed] great pain and emotional distress" (alterations in original)) (collecting cases); *Brown v. Progressive Cas. Ins. Co.*, No. 18-CV-03753 (ARR) (SJB), 2018 WL 4404071, at *3 (E.D.N.Y. Sept. 17, 2018) ("[plaintiff's] allegations she has 'suffered . . . emotional distress' [] constitute inadequate boilerplate assertions"); *Charles v. Costco Wholesale Corp.*, 416 F. Supp. 3d 167, 170 (E.D.N.Y. 2017) (finding an allegation that plaintiff "has sustained serious permanent physical, emotional and financial injuries" boilerplate and insufficient); *Burtis v. Samin*, No. 18-CV-2789 (DLI) (VMS), 2018 WL 2304765, at *2 (E.D.N.Y. May 21, 2018) (finding broad allegations of injuries insufficient to support diversity jurisdiction).[6]

### D. Punitive Damages

Amazon fails to show that punitive damages must be considered in determining whether the jurisdictional amount is satisfied. "[A] plaintiff is entitled to punitive damages [under the NYCHRL] where the wrongdoer's actions amount to willful or wanton negligence, or recklessness, or where there is a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 89 N.E.3d 475, 477 (N.Y. 2017) (cleaned up). "[In] computing [the] jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." *Pyskaty*

---

[6] Furthermore, even if the Court were to entertain Amazon's suggestion that emotional distress should be considered, it is unclear that Plaintiff has placed $30,000 in controversy. *See Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 153 (E.D.N.Y. 2013) ("For typical or garden-variety emotional distress claims, district courts have awarded damages ranging from $5,000 to $35,000[.]" (citations omitted)); *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG) (PK), 2018 WL 4292171, at *11 (E.D.N.Y. Aug. 3, 2018) (awarding $15,000 per plaintiff, for emotional distress, to African-American plaintiffs who testified that defendant called them racially offensive names that made them feel "different," "bad," "degraded," and "fearful[.]"), *report and recommendation adopted*, 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018).

*v. Wide World of Cars, LLC*, 856 F.3d 216, 225 (2d Cir. 2017) (citations omitted); *see also Stiler v. Great N. Ins. Co.*, No. 07 CIV. 2236 (MDF), 2008 WL 11517681, at *4 (S.D.N.Y. Jan. 2, 2008) ("The use of punitive damages to satisfy the amount in controversy requirement triggers special judicial scrutiny." (citations omitted)). "[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623 (PKC), 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014).

Amazon argues that Plaintiff's request for punitive damages should be included in the calculation, based solely on its assessment that if the Complaint's allegations are true, they necessarily amount to "manifest wanton negligence, recklessness, or a conscious disregard" by Amazon. (*See* Dkt. 6, at 4.) The Court disagrees. In relevant part, the NYCHRL makes employers vicariously liable for their employees' actions in violation of § 8–107(1), including for punitive damages purposes, only when (1) their employees "exercised managerial or supervisory responsibility," (2) the employer "knew of the employee[s'] . . . discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action," or (3) "the employer should have known of the employee[s'] or agent[s'] discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct." *See* N.Y.C. Admin. Code § 8-107(13)(b)(1)–(3). Here, the Complaint alleges only that Plaintiff was assailed by a coworker at Amazon (*see* Dkt. 1-1, ¶¶6, 12–13), but otherwise lacks any information about the circumstances of the incident, including whether the coworker held a supervisory position, whether Amazon knew of the incident in real time, or whether Amazon should have known of the incident. (*See generally id.*); *see also Chauca v. Abraham,* 841 F.3d 86, 90 (2d Cir. 2016) ("[New York] law also enables an employer liable for the conduct of an employee to mitigate punitive

8

damages liability or avoid liability altogether . . . where the employer can prove it has put into place policies and procedures to educate employees[.]" (citing N.Y.C. Admin. Code § 8-107(13)(d)–(e))).  In short, Amazon's conclusory assertion that any amount of punitive damages is a *fait accompli* is untethered to the record and amounts to the kind of speculation and surmise that courts in this Circuit routinely reject.  *See*, *e.g.*, *Trisvan v. Burger King Corp.*, No. 19-CV-6396 (MKB), 2020 WL 1975236, at *3 (E.D.N.Y. Apr. 24, 2020) ("Because [p]laintiff . . . has not provided any basis for his request for $2 million in punitive damages, [p]laintiff's request for relief is speculative and insufficient to meet the amount-in-controversy requirement for the [c]ourt to exercise diversity jurisdiction over this matter[.]" (collecting cases)).

*       *       *

Accordingly, because neither Defendant's removal complaint and/or the underlying state court Complaint establishes by a preponderance of the evidence that the jurisdictional amount of $75,000 required by 28 U.S.C. § 1332 is met, the Court lacks jurisdiction over this matter, and it must be remanded.

## CONCLUSION

Amazon has failed to meet its burden of establishing jurisdiction under 28 U.S.C. § 1332. The Court therefore respectfully directs the Clerk of Court to remand this case to the Kings County Supreme Court, under Index No. 520842/2022, and terminate this action.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 29, 2022
　　　　Brooklyn, New York